UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**LEAH VALENTINE,**

        **Plaintiff,**

v.                                      Case No. 3:09cv334/MCR/EMT

**LEGENDARY MARINE FWB, INC.
a Florida corporation, and
LEGENDARY, INC., a Florida
corporation,**

        **Defendants**.
_____/

## O R D E R

Plaintiff Leah Valentine has filed a second amended complaint against Defendants Legendary Marine FWB, Inc. and Legendary, Inc. (collectively "Legendary") (doc. 33), claiming that her termination from employment while on maternity leave violated her rights under the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601, *et seq*.; Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e-2; the Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k) ("PDA"); and the Florida Civil Rights Act, Fla. Stat. § 760.10 ("FCRA"). The six-count second amended complaint alleges: Count I, interference with her right to exercise leave under the FMLA; Count II, retaliation for exercising her right to leave under the FMLA; Count III, employment discrimination on the basis of sex under Title VII; Count IV, retaliation under Title VII; Count V, pregnancy discrimination in violation of the PDA; and Count VI, sex discrimination under the FCRA. Pending before the court is Legendary's Motion to Dismiss Plaintiff's Second Amended Complaint (doc. 35), pursuant to Federal Rule of Civil Procedure 12(b)(6), which Valentine opposes (doc. 40). In support of her opposition, Valentine attached Exhibit A – the cause

determination of the Florida Commission on Human Relations ("FCHR"), referenced in her complaint. Legendary then filed Defendants' Motion to Strike Exhibit A Attached to Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss and Incorporated Memorandum of Law (doc. 41), pursuant to Rule 12(f), which Valentine also opposes (doc. 50). Having considered the motions, the court now denies the motion to strike, and grants in part and denies in part the motion to dismiss.

Motion to Strike

A motion to strike permits a court, on its own motion or by motion of a party, to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A document incorporated into a complaint by reference and attached to a motion to dismiss may be considered without converting a motion to dismiss into a motion for summary judgment "only if the attached document is: (1) central to the plaintiffs claim, and (2) undisputed." *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002). In this context, a document is "undisputed" if its authenticity is not challenged. *Id.* "[I]f the document's contents are alleged in a complaint and no party questions those contents, [the court] may consider such a document provided it meets the centrality requirement imposed in *Horsley*." *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). Furthermore, a motion to strike is appropriately granted only if "the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995). "Because this standard is rarely met, '[m]otions to strike are generally disfavored by the Court and are often considered time wasters.'" *U.S. ex rel. Chabot v. MLU Servs., Inc.*, 544 F. Supp. 2d 1326, 1330 (M.D. Fla. 2008) (quoting *Somerset Pharm., Inc. v. Kimball*, 168 F.R.D. 69, 71 (M.D. Fla.1996) (alteration in original)). Additionally, a Rule 12(f) motion has been characterized as a "drastic remedy" which is "rarely granted absent a showing of prejudice." *Stephens v. Trust for Pub. Land*, 479 F. Supp. 2d 1341, 1346 (N.D. Ga. 2007).

The second amended complaint sufficiently references the FCHR's cause determination, though it is not physically attached to the complaint. *See Day*, 400 F.3d at

1276 (stating "a document need not be physically attached to a pleading to be incorporated by reference into it"). Legendary asserts that the FCHR's cause determination should be stricken because the complaint references it only for jurisdictional purposes and not within the complaint's statement of facts. The fact that the document is referenced only under the heading "Conditions Precedent," which includes paragraphs 1 though 4, rather than under the heading "Statement of Facts," which includes paragraphs 16 through 35 of the complaint, is a distinction without a difference. Each substantive count expressly and fully incorporates all of paragraphs 1 though 35, including paragraph 3's reference to the FCHR's cause determination. To draw a distinction based upon the headings given to those paragraphs would be to "'elevate form over substance,'" which is inappropriate in reviewing pleadings. *See Williams v. Blue Cross and Blue Shield of Fla., Inc.*, No. 3:09cv225, 2009 WL 3710760, at *1 (N.D. Fla. 2009) (quoting *Intel Broth. of Elec. Workers, Local Union No. 323 v. Coral Elec. Corp.*, 576 F. Supp. 1128, 1134 (S.D. Fla. 1983)); *see also* Fed. R. Civ. P. 8(e) (requiring courts to construe pleadings "so as to do justice"). Furthermore, contrary to Legendary's arguments, the fact that the referenced document was attached to the plaintiff's opposition to the motion to dismiss, instead of attached to the complaint or to the motion to dismiss, presents no basis for distinguishing this case from others cited by the plaintiff. *See, e.g., Gross v. White,* 340 Fed. Appx. 527, 534 (11th Cir. 2009) (unpublished) (finding no error in the district court's consideration of a document referenced in the second amended complaint but attached only to the plaintiff's opposition to a motion to dismiss); *Horsely*, 304 F.3d at 1134 (noting, the fact that a referenced document was attached to an answer rather than a motion to dismiss required no different result for purposes of the "incorporation by reference doctrine"). The court finds that the FCHR cause determination is central to the plaintiff's claims because it is a condition precedent to suit and neither party disputes its contents or authenticity. *See Day*, 400 F.3d at 1276; *Horsely*, 304 F.3d at 1134. There is also no allegation that defendant would suffer

prejudice from the court's consideration of this document.[1]  *See Stephens*, 479 F. Supp. 2d at 1346.  The court accordingly denies Legendary's motion to strike.

Motion to Dismiss

A motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure seeks dismissal of the complaint for failure to state a claim on which relief can be granted. Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," and this does not require detailed allegations.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  In considering a Rule 12(b)(6) motion, the court accepts all factual allegations of the complaint as true and construes them in the light most favorable to the plaintiff.  *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).  The motion is properly denied if the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 129 S. Ct. at 1949  (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  This "plausibility standard" requires a showing of "more than a sheer possibility" that the defendant is liable on the claim.  *Id.*  The allegations of the complaint must set forth enough facts "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  In other words, the complaint must contain sufficient factual matter, accepted as true, to permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  However, the court need not credit "[t]hreadbare recitals" of the legal elements of a claim unsupported by plausible factual allegations, because "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Id.*  "[T]he court limits its consideration to the pleadings and exhibits attached thereto" and incorporated into the complaint by reference.  *Thaeter v. Palm Beach County Sheriff's Office*, 449 F.3d 1342, 1352 n.7 (11th Cir. 2006) (internal marks omitted); *Long v. Murray*, No 6:09-cv-1320, 2009

---

[1] Such documents may even be admissible at trial.  The Eleventh Circuit has stated that "an EEOC determination is ordinarily admissible" at trial, and questions of admissibility are best left to the trial court's discretion.  *Goldsmith v. Bagby Elevator Co.*, 513 F.3d 1261, 1288 (11th Cir. 2008) (citing *Barfield v. Orange County*, 911 F.2d 644 (11th Cir. 1990), *cert. denied*, 500 U.S. 954 (1991)).

Case No. 3:09cv334/MCR/EMT

WL 4042961 at *1 (M.D. Fla. 2009) (slip op.) (stating, "a court must limit its consideration to the complaint, the written instruments attached to it as exhibits, 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice,'" quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 323 (2007)).

Legendary argues that the entire second amended complaint is a mere formulaic recitation of the elements with bare legal conclusions. The court disagrees. Valentine asserts in the second amended complaint that Legendary was an eligible employer within the meaning of the FMLA, Title VII, the PDA, and the FCRA, and that she was an eligible employee, supported by factual allegations that meet the jurisdictional requirements.[2] In the complaint, Valentine asserts the following factual allegations. Legendary hired Valentine in September 2003 at its Destin, Florida store, where she worked full time until January 2006, when she moved to Legendary's store in Fort Walton Beach, Florida, where she worked as the inventory coordinator until informed of her termination in January 2008. Valentine became pregnant and notified her employer on December 3, 2007, that she would be taking maternity leave at the end of the month. Valentine and Legendary agreed that she would exercise her right under the FMLA for 12 weeks of leave when her child was born and would return to the same position after that leave period. In reliance on that agreement, Valentine trained others to perform her duties. Valentine worked full time until December 21, 2007; her baby was born on December 22; she was terminated in January 2008. Valentine alleges that Legendary was nearing the end of a reduction in force when she started her leave, and that all affected employees were laid off by the end of December 2007. Valentine emailed Legendary's general manager in January 2008 to discuss her return to work and was informed by her immediate supervisor that her employment was terminated and her position had been eliminated. Valentine alleges that no other employee was terminated during the month of January. Valentine alleges that

---

[2] For example, Valentine pleads that she met the conditions precedent to filing suit, citing relevant dates and agency documents; she asserts she was employed by defendants for at least 12 months and rendered at least 1,250 hours of service during the 12-month-period preceding the exercise of her FMLA rights; and she asserts Legendary employed more than 50 employees within 75 miles of Valentine's assigned work site.

Legendary interfered with her use of FMLA leave rights, retaliated against her for exercising those rights, and that its unlawful retaliatory practices were motivated at least in party by Valentine's use of protected FMLA leave. These are factual allegations, not mere legal conclusions.

In Count I and II, Valentine claims discrimination and retaliation in violation of the FMLA and has sufficiently alleged facts showing she was entitled to maternity leave under the FMLA but was denied its benefits and that she was retaliated against by being terminated her for using those benefits. *See Russell v. N. Broward Hosp.*, 346 F.3d 1335, 1340 (11th Cir. 2003); *Parris v. Miami Herald Pub. Co.*, 216 F.3d 1298, 1301 (11th Cir. 2000) ("To state a claim under the FMLA, a plaintiff must prove three elements at trial: (1) [she] availed [herself] of a protected right under the FMLA; (2) [she] suffered an adverse employment decision; and (3) there is a causal connection[3] between the protected activity and the adverse employment decision."). Legendary asserts that Valentine has not pled the denial of a benefit to which she was entitled under the FMLA. To the contrary, the right to be restored to her original position or an equivalent position at the end of the leave period, which the facts here allege, is a substantive right guaranteed by the FMLA. *See* 29 U.S.C. § 2614(a)(1); *see also Strickland v. Water Works and Sewer Bd. of City of Birmingham*, 239 F.3d 1199, 1206-07 (11th Cir. 2001). Legendary also asserts Counts I and II should be dismissed because Valentine was terminated as part of a legitimate reduction in force and therefore had no right to reinstatement. This, however, is a question for a later stage of the proceedings because it is the employer's burden to demonstrate a legitimate reduction in force that eliminated the employee's position and interfered with her reinstatement after FMLA-protected leave. *See Parris*, 216 F.3d at 1301 n.1; *see also O'Connor v. PCA Family Health Plan, Inc.*, 200 F.3d 1349, 1354 (11th Cir. 2000). Although it is sufficient at the pleading stage that Valentine alleges she was terminated in January

---

[3] The facts alleged demonstrate that Valentine was terminated while she was on maternity leave. Close temporal proximity may be a sufficient causal connection for a claim. *See Schaaf v. Smithkline Beecham Corp.*, No. 09-10806, 2010 WL 1286781, at *6 (11th Cir. Apr. 6, 2010) (citing *Martin v. Brevard County Pub. Sch.*, 543 F.3d 1261, 1268 (11th Cir. 2008)).

2008 while exercising FMLA rights, she additionally alleges that no other employees were terminated as part of a reduction in force after December 2007.

Legendary argues that Counts III (discrimination under Title VII), V (violation of the PDA), and VI (violation of the FCRA) fail to state a claim because Valentine has not specifically pled the elements of a valid *prima facie* discrimination claim. The court rejects this assertion. It is not necessary to plead facts demonstrating a *prima facie* case of discrimination, which is an evidentiary standard, in order to withstand a motion to dismiss for failure to state a claim. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-11 (2002).[4] Discrimination on the basis of sex includes discrimination on the basis of pregnancy or childbirth. *See Byrd v. Lakeshore Hosp.*, 30 F.3d 1380, 1381-82 (11th Cir. 1994) ("It is today settled principle that the PDA and Title VII are violated when pregnant employees are denied privileges afforded non-pregnant temporarily disabled employees," including sick leave benefits); *Harper v. Blockbuster Entm't Corp.*, 139 F.3d 1385, 1387 (11th Cir. 1998) (noting "Florida courts have held that decisions construing Title VII are applicable when considering claims under the [FCRA]"); *see also Carsillo v. City of Lake Worth*, 995 So. 2d 1118, 1119-20 (Fla. 3d DCA 2008) (noting FCRA does not specifically mention pregnancy as sex discrimination but liberally construing the FCRA to include pregnancy discrimination; noting Florida statues are construed the same as a federal act when patterned after one). Defendants argue Valentine cannot claim to have been fired for being pregnant because she was fired *after* she gave birth, but this argument is unavailing; The facts allege that Valentine was fired while she was still on maternity leave, and this states a plausible claim. *See, e.g., Doe v. C.A.R.S. Protection Plus, Inc.*, 527 F.3d 358, 363 (3d Cir. 2008) (noting "a typical pregnancy discrimination claim" includes allegations of being "fired while on maternity leave").

---

[4] The Court in *Twombly* and *Iqbal* disposed of the standard set by *Conley v. Gibson*, 355 U.S. 41, 46 (1957), that a court may dismiss a complaint only if it is clear the plaintiff could prove "no set of facts" that would warrant relief. Although this standard is recited in *Swierkiewicz*, 534 U.S. at 514, the Court in Twombly cited *Swierkiewicz* positively. *Twombly*, 550 U.S. at 554-56 & 569-70. Also, the Eleventh Circuit has since cited it as well for the proposition that "a Title VII complaint need not allege facts sufficient to make out a classic *McDonnell Douglas prima facie* case." *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 973 (11th Cir. 2008).

Case No. 3:09cv334/MCR/EMT

Legendary argues that Valentine has not alleged facts sufficient to state the Title VII retaliation claim in Count IV because she does not claim she was engaged in any protected Title VII activity. The court agrees. A claim of retaliation under Title VII requires an allegation that the adverse employment action is the result of making a Title VII charge or participating in Title VII enforcement proceedings, or opposing any discriminatory practice. *See* 42 U.S.C. § 2000e-3(a); *Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53, 59 (2006). Valentine has not alleged that she was discriminated against for making a Title VII claim or opposing discriminatory practices, and the FCHR cause determination does not reference a claim of Title VII retaliation. Instead, Valentine argues that the elements of Title VII retaliation are the same as a FMLA retaliation claim and she need only demonstrate an adverse action as a result of exercising a protected right, which she asserts was her right to maternity leave under the FMLA. Exercising FMLA rights, however, is simply not the same as opposing a discriminatory practice or participating in an enforcement proceeding under Title VII. Additionally, a generalized claim of discrimination is not sufficient to raise a Title VII retaliation claim. *See Marshall v. Mayor and Alderman of City of Savannah, Ga.*, No. 09-13444, 2010 WL 537852, at *8-9 (11th Cir. Feb. 17, 2010) (unpublished) (citing *Coon v. Ga. Pac. Corp.*, 829 F.2d 1563, 1568-69 (11th Cir. 1987)). Accordingly, Count IV will be dismissed.

<u>Conclusion</u>

Count IV fails to state a claim of retaliation under Title VII. However, the second amended complaint sufficiently details the events leading to Valentine's termination to give rise to plausible claims of discrimination in violation of the FMLA, Title VII, the PDA, and the FCRA, and retaliation in violation of the FMLA.

Accordingly, it is hereby ORDERED:

1. Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (doc. 35) is GRANTED in part and DENIED in part as follows:

    a. Count IV is dismissed;

    b. The motion is denied as to Counts I, II, III, V, and VI.

2. Defendants' Motion to Strike Exhibit A Attached to Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss and Incorporated Memorandum of Law (doc. 41) is DENIED.

**DONE AND ORDERED** this 26th day of April, 2010.

*s/ M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**